ROSANNA McKEE

*v.*

CHARLES B. JORDAN and wife.

Complainant executed a deed of conveyance to the defendant with a nominal consideration, and delivered it to a solicitor with authority to deliver it to the defendant as security for the loan to her son of $600. Defendant, in complainant's absence, accepted the deed, which he supposed came from the son's possession, as security, as well for $600 then loaned as for $250 previously advanced. He was notified by the solicitor that complainant had executed it as security for $600 only, but relied upon an untrue statement by the son that his mother had agreed that it should stand as security for both sums.—*Held*, that complainant is entitled to redeem upon paying $600.

Heard on pleadings and oral proofs.

*Mr. John A. Dennin,* for the complainant.

*Mr. Robert L. Lawrence,* for the defendant.

PITNEY, V. C.

This is a bill to redeem a mortgage in the shape of an absolute conveyance. The right to redeem is admitted. The sole question in dispute is as to the amount due. Complainant contends that the debt secured by the conveyance was originally $600 and no more. The defendant contends that it was $850.

The actual debtor is the son of the complainant. At the date of the deed he was already indebted to the defendant Jordan in the sum of $250, and applied to him for the further loan of $600. Jordan required security which should cover as well the old as the proposed new loan. The son said his mother would secure it by a loan on her property, and employed Mr. McCrea, a solicitor, to prepare the necessary document. Mr. McCrea, on the son's instruction, prepared an absolute conveyance from the mother to the defendant Jordan, with a nominal consideration, and went with the son, in the absence of Jordan, to the complain-

McKee v. Jordan.

ant and explained to her that her son wished to borrow $600
from Mr. Jordan, and that the deed was to be given as security
for that amount, which was to be repaid in installments of $50
at stated periods.  No mention was made of the other $250 on
that occasion, or, so far as the case shows, at any other, in the
complainant's presence.  She seems to have been at all times,
until after the execution of the deed, in complete ignorance of
any indebtedness from her son to the defendant, except the pro-
posed loan of $600.  She is quite illiterate and unfamiliar with
business methods, and signed the deed by her mark and acknowl-
edged and handed it to Mr. McCrea, supposing that it was used
as security for $600 and no more.  The defendant was not pres-
ent on this occasion.

Mr. McCrea was present when the deed was delivered to the
defendant and the $600 paid by him to the son (though it does
not appear that he on that occasion produced the deed); and he
then stated to the defendant that the complainant had executed
it on the supposition that it was security for $600 and no more.
The son, however, declared that he had told his mother about
the other $250, and that she was willing the deed should stand
as security for the whole $850, whereupon the defendant Jordan,
upon the security of the deed and not knowing that it had been
entrusted by the complainant to Mr. McCrea and not to her son,
paid the $600 to the son and took his note, payable at a future
date, for $850.

On the occasion of the payment of the first installment of $50,
the complainant discovered that the defendant claimed to hold
her deed as security for $850, consulted counsel at once and filed
this bill.

The defendant relies upon the familiar principle that where
one of two innocent persons must suffer by the fraud or the abuse
of authority of a third party, the loss must fall upon him who
has put it in the power of such third person to commit the fraud
or exceed and abuse his authority.  But, manifestly, the essential
quality of the garment of innocence with which a party must be
clothed, in order to invoke the aid of this wholesome maxim, is
ignorance of the real nature and extent of the authority of the

McKee *v.* Jordan.

third party. He must be misled by some act of the other inno-
cent party which upon its face authorizes him to deal, as he has
done, with the fraud-doer, and he must be ignorant of any limita-
tion upon such apparent authority. No citation of precedent is
necessary to sustain these positions. They lie at the basis of the
doctrine in question. Here the defendant knew that when the
conveyance was executed it was the intention of the grantor to
limit its use and confine its office to that of a mortgage merely;
and on its face it did not indicate any particular sum which it
was intended to secure. If it had been handed by the mother to
the son without restriction or limitation as to the amount for
which it was to stand security, and had been by him delivered
to the defendant, it may be that the latter would be entitled to
hold it as security for all such sums as the son might represent
to him that he was authorized to borrow upon it. In such case
the delivery to the son without restriction might be held to invest
him with unrestricted power to deal with the deed, but in such
case the equity of the defendant would spring not out of the
statement by the son of his power and authority, but out of the
deed itself and its delivery to and possession by the son. In
this class of cases it must be borne in mind that the misstatement
by the fraud-doer of his authority, standing by it itself, cannot
avail the innocent third party. He must show authority for his
statement from the other innocent party.

Guaged by these tests the defendant's case fails. The executed
conveyance which here constituted the son's apparent authority
did not bear on its face authority to pledge it for any particular
sum, but at the time of its delivery defendant had explicit notice
that the son's authority was limited, or intended to be limited, to
an authority to pledge for $600. Defendant chose in the face of
this notice to accept and rely upon the son's false statement that
his mother had authorized him to pledge it for $850. In so
doing he relied upon the statement of the son and not on the
apparent authority of the possession of the deed. He was not
misled by that or any act of the complainant, and cannot, there-
fore, cast upon her his loss.

The case is distinguishable from *Morse* v. *Bank, 55 N. Y. 41,* cited and relied upon by the defendant.

This renders it unnecessary to consider the more difficult question whether the mere giving time to the son for the payment of the previous debt of $250 was sufficient, under the circumstances, to place the defendant in the position of a *bona fide* purchaser for value.